**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Eder Moreno Ornelas,<br><br>  Petitioner,<br><br>v.<br><br>United States of America,<br><br>  Respondent. | No. CV-20-00521-TUC-CKJ<br><br>**ORDER** |

    On February 15, 2024, the Petitioner filed a Motion to File a Notice of Appeal Out of Time. He seeks to appeal the Court's Order and Judgment entered on January 3, 2023, denying his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court also denied him a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable and would not find the Court's assessment of the constitutional claims debatable or wrong. (Order (Doc. 24)).

    To support his request to file a late appeal, Petitioner submits that his attorney, who allegedly acted less than diligently in his representation, failed to provide him with copies of the Order and Judgment, and he only recently learned that his post-conviction motion for relief was denied. (Motion (Doc. 26) ¶ 9.)

    The Court directed Petitioner's attorney to file an affidavit with the Court reflecting if he provided a copy of the Court's Order and Judgment to the Petitioner. On March 11, 2024, Petitioner's attorney filed a Notice and Affidavit. He submits the following relevant attestations:

      6. Upon receiving the Court's Order (Doc. No. 24) and Judgement (Doc. No. 25) dated January 3, 2023, I had several phone calls with Mr. Moreno Ornelas. I advised Mr. Moreno Ornelas of the denial of our § 2255 petition and of the denial of the certificate of appealability during these telephone calls.

      7. On January 9, 2023, I sent a request to my legal assistant to prepare the file for closure as I intended to send a letter and the Court's Order and Judgement dated January 3, 2023 (Doc. Nos. 24 and 25) to Mr. Moreno Ornelas. It is my regular practice to send these documents to my clients. I did not maintain a copy of a letter to Mr. Moreno Ornelas which indicates that I provided Mr. Moreno Ornelas with the Order and Judgment (Doc. Nos. 24 and 25) prior to February 15, 2024, which concerns me that I did not send him the documents, and rather communicated the Court's denials to him over the telephone.

      8. Following the Court's January 3, 2023 ruling, I received additional correspondence from Mr. Moreno Ornelas dated February 17, 2023 and December 13, 2023. In these letters, Mr. Moreno Ornelas did not request a copy of the District Court's January 3, 2023 Order and Judgment.

      9. I sent Mr. Moreno Ornelas a letter on January 3, 2024, however I did not include the Order and Judgement (Doc. Nos. 24 and 25) in that correspondence.

      10. On February 15, 2024, Mr. Moreno Ornelas filed a pro-se Motion to Appeal Out of Time, in which he stated that he only recently received the Order and Judgement. (Doc No. 26.)

      11. On February 21, 2024, I sent Mr. Moreno Ornelas a letter which contained the Court's January 3, 2023, Order and Judgment.

(Notice, Affidavit (Doc. 29-1)). The Respondent opposes the Petitioner's request to file an out-of-time appeal because it is procedurally barred and meritless. (Opposition (Doc. 31)).

In short, Petitioner's attorney admits that he did not provide copies of the Order and Judgment to the Petitioner, but he did tell Petitioner that the Court had denied the Petition and denied a certificate of appealability. He also attests that he received correspondence from the Petitioner on February 17, 2023, and December 13, 2023, but Petitioner did not request a copy of the Order and Judgment.

The Rules of Appellate Procedure, Rule 4(a)(1) requires a notice of appeal to be filed within 60 days of entry of the judgment or order appealed if one of the parties is the United States. An extension of time may be granted if a party so moves no later than 30 days after the time prescribed by Rule 5(a) expires and the party shows excusable neglect

or good cause. The Petitioner's motion to file a late appeal is way beyond the allowed 30 days for an extension. Rule 4(a)(6) allows the Court to reopen the time to file an appeal "but only if all the following conditions are satisfied: 1) the court finds that the moving party did not receive notice under Fed. R. Civ. P., Rule 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; 2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry whichever is earlier, and 3) the court finds that no party would be prejudiced.

Petitioner does not inform the Court of the date that he "recently" learned that his Petition was denied but this fact is not dispositive because Rule 4(a)(6) provides that notice is received pursuant to Rule 77(d), accordingly, by service of notice of the entry of an order or judgment as made under Rule 5(b), which provides: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." It is undisputed that that notice of the Order and Judgment was properly service under Rule 77(d) and Rule 5(b).

Petitioner seems to suggest that the Court should vacate and reenter its Order and Judgment to trigger a new appellate period for review. The Court does have authority, in certain circumstances, to vacate and reenter a judgment to restore the opportunity to appeal. *Hill v. Hawes*, 320 U.S. 520, 523-24 (1944). The Federal Rules have been amended since *Hill,* including the expansion of the grounds for relief under Rule 60(b) to encompass the "various kinds of relief from judgments which were permitted in the federal courts prior to the adoption" of the rules. Fed. R. Civ. P. 60 advisory committee's note to 1946 amendment. *Washington v. Ryan*, 833 F.3d 1087, 1093 (9th Cir. 2016) (en banc) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 235 (1995) (recognizing that Rule 60(b) "codified judicial practice that pre-existed"), *Klapprott v. United States*, 335 U.S. 601, 615 (1949) (recognizing that Rule 60(b) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice").

In the Ninth Circuit, after the addition of Rule 4(a)(6), Rule 60(b) is not available to restore appeal rights in lack-of-notice cases. *Id.* at 1093-94 (citing *In re Stein*, 197 F.3d 421, 423, 426 (9th Cir. 1999) (explaining that our case law allowing Rule 60(b) relief to retrigger appeal rights was rendered "obsolete and inapplicable" to lack-of-notice cases "by the 1991 addition of Rule 4(a)(6)"). Rule 4(a)(6) "is specific to cases in which parties miss Rule 4(a)(1)'s deadline due to lack of notice of the district court's judgment." *Id.* at 1093 (citing Fed. R. App. P. 4(a)(6)). "This rule authorizes an 'outer time limit' of 180 days to move for an extension of time to file an appeal." *Id.* (quoting Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 amendment). "A district court may not otherwise relieve parties from failing to file a timely appeal due solely to lack of notice of judgment." *Id.* (citing Fed. R. Civ. P. 77(d) ("Lack of notice of the entry [of judgment] does not ... authorize the court to relieve ... a party for failing to appeal within the time allowed, except as allowed by [Rule] 4(a).")).

As noted above, Rule 4(a)(6) does not afford Petitioner relief. It is undisputed that the court's Order and Judgment were served on his attorney, which satisfies Rule 4(a)(6) for notice to be received pursuant to Rule 77(d) by service of notice of the entry of an order or judgment to be made under Rule 5(b) on his attorney. His attorney called him and told him about the Court's ruling. While his attorney should have sent him copies of the Court's Order and Judgment, Petitioner knew of the Court's action regarding his Petition, he spoke

/////
/////
/////
/////
/////
/////
/////
/////
/////

with his attorney several times within the time-frame for filing an appeal, he did not ask for copies of the Order and Judgment, and he did not ask his attorney about filing an appeal.

**Accordingly,**

**IT IS ORDERED** that the Motion for Leave to Appeal Out of Time (Doc. 26) is DENIED.

Dated this 8th day of April, 2024.

_____
Honorable Cindy K. Jorgenson
United States District Judge